FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 21   AM 10: 55

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES CAREY** | **CIVIL ACTION** |
| **VERSUS** | **JUDGE: 05-6057** |
| **HERCULES OCEAN CORPORATION AND BELSHIPS MANAGEMENT SINGAPORE PTE, LTD.** | **MAG.:** **SECT. MAG. 1** |

---

### COMPLAINT FOR DAMAGES

---

The complaint of **James Carey** ("plaintiff"), a person of the full age of majority and resident of the State of Louisiana, respectfully represents the following:

1.

The defendants named herein are:

**HERCULES OCEAN CORPORATION ("Hercules")**, a foreign corporation, with its principal place of business located at 80 Broad Street, Monrovia, Liberia; and

**BELSHIPS MANAGEMENT SINGAPORE PTE. LTD. ("Belships")**, a foreign corporation, with its principal place of business located at 78 Shenton Way, Hex 31-02, Singapore 079120.

Fee $250.00
Process
Dktd
CtRmDep
Doc. No

2.

This claim is an admiralty and maritime claim brought in this court pursuant to the General Maritime Law, and is specifically designated as such within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3.

Plaintiff alleges actions under the General Maritime Law, Longshore and Harbor's Compensation Act (33 U.S.C. § 901, et seq.) and the laws of the State of Louisiana.

4.

Defendants are indebted to plaintiff jointly and severally for all damages that are reasonable in the premises, together with legal interest from the date of judicial demand until paid and all costs of these proceedings, by reason of the following:

5.

At all times herein mentioned, defendants owned, managed and operated and/or were owners pro hac vice of the vessel M/V STOVE TRANSPORT.

6.

At all times herein mentioned, plaintiff was employed by Ormet Primary Aluminum Corporation as a longshoreman at its Burnside Bulk Marine Terminal along the Mississippi River in the State of Louisiana.

7.

On or about September 25, 2004 at about 3:00 p.m., plaintiff was assisting in the mooring of the M/V STOVE TRANSPORT, a ship having an overall length of approximately 609 feet.

Plaintiff was holding one end of an approximately eight inch diameter stern line supplied by the M/V STOVE TRANSPORT crew.

8.

The stern line was under the substantial control of M/V STOVE TRANSPORT crew members who were passing the line to plaintiff and his co-workers so that the line could be placed over a kavel/bit on the dock at the terminal. Plaintiff was holding the stern line so that his Ormet co-worker could safely untie a heaving line that was attached to the stern line via a lead line.

9.

Once the heaving line was untied, plaintiff and his co-workers intended to place the stern line over the kavel/bit, and then the M/V STOVE TRANSPORT crew members would take up any slack in the stern line to secure the vessel to the dock. The same procedure had been used by plaintiff and his co-workers in securing several preceding lines that had been passed to the dock by the crew of the M/V STOVE TRANSPORT.

10.

However, suddenly, and without warning, the crew members aboard the M/V STOVE TRANSPORT dropped the stern line from the M/V STOVE TRANSPORT, thereby causing all of the weight of the stern line to be transferred to plaintiff, and resulted in plaintiff being jerked into a railing on the dock.

11.

Plaintiff suffered severe and debilitating injuries, including but not limited to injuries to his low back, as a result of being jerked into the railing by the weight of the vessel's stern line.

12.

Plaintiff's injuries were solely caused by the negligence and/or fault of defendants, their agents, servants and/or employees, and by defendants' breach of their obligations under the circumstances and without any contributory fault or neglect on the part of the plaintiff.

13.

The injuries and damages sustained by plaintiff were caused by the negligence and/or fault of defendants, their agents, servants and/or employees as follows:

A.   Failure to turnover a reasonably safe vessel, equipment, and work space under the circumstances;

B.   Failure to warn plaintiff of hazards or hidden defects not known or not obvious to him;

C.   Failure to exercise reasonable care to protect plaintiff in an area which remained under defendants' actual control during the course of the operation;

D.   Failure to exercise reasonable care to protect plaintiff over activities in which defendants because directly involved;

E.   Failure to intervene to correct a dangerous condition which defendants had actual knowledge of;

F.   Failing to have a sufficient crew on duty at the time of the accident in order to properly and safely accomplish the work ordered;

G.   Failing to properly and adequately supervise, instruct and/or control the operations of the vessel;

H.   Failing to take proper and necessary steps to avoid injuries to plaintiff;

I.   Failure to hold onto or otherwise to support the weight of the stern line while plaintiff and his fellow workers untied the heaving line, and placed the stern line on the kavel/bit;

J.   Any and all other acts of negligence and/or fault, including but not limited to those falling under the General Maritime Law (general maritime tort) and/or

under Articles 2315, 2316, and/or 2317 of the Louisiana Civil Code which may be shown through discovery and/or proven at trial.

14.

As a result of the negligence of defendants, plaintiff alleges that he has sustained damages as follows:

1. General damages, including past and future mental pain, suffering and discomfort, permanent disability and disfigurement and loss of enjoyment of life;

2. Past and future medical expenses;

3. Past and future loss of wage and earning capacity;

4. Any and all other damages which may be proven at the trial of this matter.

15.

Prior to these injuries, plaintiff was a strong, able-bodied man. By these injuries, he has been made incapable of returning to his former occupation as a longshoreman and incapable of any gainful activity; plaintiff has suffered great physical and mental pain and has been prevented from transacting his business and has incurred substantial medical expenses.

**WHEREFORE,** plaintiff prays that the named defendants be served with a certified copy of this Complaint for Damages, and be duly cited to appear and answer same; that after all due proceedings are had, that there be judgment rendered in favor of plaintiff, **James Carey**, and against defendant, **Hercules Ocean Corporation and Belships Management Singapore PTE. LTD.,** for all damages that are reasonable in the premises, together with legal interest and for all costs of these proceedings; and further, for all general and equitable relief which the court deems necessary and proper under the circumstances.

5

Respectfully submitted,

**COUNSEL FOR PLAINTIFF**

_____

**CHARLES C. BOURQUE, JR. (#20118)**
ST. MARTIN & WILLIAMS
P.O. Box 2017
Houma, Louisiana   70361
Telephone: (985) 876-3891
Facsimile: (985) 851-2219

**AND**

**CHARLES E. LAVIS, JR. (#23514)**
A Professional Law Corporation
700 Camp Street, Suite 435
New Orleans, LA  70130
Telephone: (504) 558-9151
Facsimile: (504) 588-9917

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

## 05-6057

## SECT. I MAG. 1

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as pr by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of ini the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)   PLAINTIFFS**

James Carey
Ascension

**DEFENDANTS**

Hercules Ocean Corp and Bilsepe
Mgm. Singapou   Africa

**(b)**   County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)

Charles C. Bourque, Jr.
St. Martin & Williams, APLC
4084 Highway 311
Box 2017
Houma, LA 70361-2017

Attorneys (If Known)

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☑ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for F
(For Diversity Cases Only)                    and One Box for Defendant

|  | PTF | DEF |  | PTF |  |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 |  |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 |  |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☑ 3 | Foreign Nation | ☐ 6 |  |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionme |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organization |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☒ 340 Marine | **PERSONAL PROPERTY** | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actio |
| ☐ 196 Franchise | Injury |  | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilizati |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matt |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation A |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Informat |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Detern |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other |  |  | Under Equal Access |
|  | Employment | ☐ 550 Civil Rights |  |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of |
|  | Other |  |  |  | State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to D Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
33 USC § 901

Brief description of cause:
Plaintiff injured on M/V STOVE TRANSPORT when stern line jerked n into

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in compl
JURY DEMAND:   ☐ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   11-18-05

SIGNATURE OF ATTORNEY OF RECORD   (20118)

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____