

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY -4  AM 9: 01

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES CAREY** | **CIVIL ACTION:** |
| **VERSUS** | **NUMBER: 05--06057** |
| **HERCULES OCEAN CORPORATION AND BELSHIPS MANAGEMENT SINGAPORE PTE, LTD.** | **SECTION: "I" (1)** |
| | **JUDGE: AFRICK** |
| | **MAGISTRATE: SHUSHAN** |

### INTERVENTION

NOW INTO COURT, through undersigned counsel, comes Ormet Primary Aluminum Corporation and, pursuant to F.R.C.P. Rule 24, files its Intervention, as the employer of plaintiff, James Carey, seeking recover of its lien arising from its payment of benefits under the Longshoreman & Harbor Workers Compensation Act("LHWCA"), 33 U.S.C. 901 et seq and allege and aver as follows:

I.

Ormet Primary Aluminum Corporation("Ormet") is a foreign corporation authorized to do and doing business in the State of Louisiana. Burnsides Bulk Terminals is a division of Ormet with

1

__ Fee_____
✓ Process_____
X Dktd_____
__ CtRmDep_____
__ Doc. No_____

its principal place of business in Burnside, Louisiana.

II.

James L. Carey is of full age and majority and a resident of Louisiana. At all times material hereto, Mr. Carey was employed by Ormet, via the ILA union contract, as a longshoreman at its Burnside Terminal.

III.

On or about September 25, 2004, Mr. Carey was working at Burnside Terminal as part of a longshore crew assisting with the mooring of the M/V Stove Transport. At approximately, 3:00 p.m., Mr. Carey reported he was injured during the mooring of the ship.

IV.

Mr. Carey filed a claim for benefits against Ormet under the LHWCA.

V.

In accordance with the provisions of the LHWCA, Ormet has been and continues to pay Mr. Carey weekly benefits of $949.28 which through April 1, 2006, total over $68,000. Ormet has also paid medical benefits through April 1, 2006 of over $39,000.

VI.

Under the provisions of the LHWCA, Ormet is required to continue to pay future benefits until such time as Mr. Carey reaches maximum medical improvement, is assigned a permanent or temporary disability rating, his schedule of benefits is determined and payment of the schedule is completed or settled. As of the date of the filing of this Intervention, Mr. Carey has not yet been diagnosed as reaching maximum medical improvement nor been assigned a temporary or permanent

disability rating.

VII.

Mr. Carey has filed the a claim against defendants, Hercules Ocean Corporation and Belships Management Singapore PTE, Ltd., in the above referenced matter.

VIII.

Ormet is entitled to recover any and all benefits paid to or on behalf of Mr. Carey and/or offset the payment of any future benefits owed to Mr. Carey from any monies received from the defendants by way of judgment and/or settlement.

WHEREFORE, Ormet Primary Aluminum Corporation prays after due proceedings be had that its Intervention be allowed and there be a judgment entered in its favor and against the plaintiff, James L. Carey, and defendants, Hercules Ocean Corporation and Belships Management Singapore Pte., Ltd. allowing it to recover any and all benefits paid and/or offset any future benefits owed and for further relief as equity and justice require.

Respectfully submitted,

_____
Paul C. Miniclier, T.A. #17062
David A. Binegar, #26603
LAW OFFICE OF PAUL C. MINICLIER
1305 Dublin Street
New Orleans, Louisiana 70118
Telephone: (504) 864-1276
Telecopier: (504) 864-1278
Attorneys for Ormet Primary Aluminum Corporation

3

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the United States mail, properly addressed and pre-paid postage.

New Orleans, Louisiana this 28th day of April, 2006.

_____

20166-003/pleadings/intervention